# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

**NICOLE MICHELLE THOMAS,   Plaintiff,**

**v.**

Civil Action No. _____ 3:25-cv-13051-MGL-PJG

**JT'S CHRYSLER DODGE JEEP RAM FIAT OF COLUMBIA, L.P.**

**and**

**FCA US, LLC d/b/a STELLANTIS,**

   **Defendants.**

**VERIFIED COMPLAINT**

**1. NATURE OF ACTION**

This is a civil action under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., the Clean Air Act, 42 U.S.C. § 7541, and South Carolina law.

Plaintiff seeks damages for Defendants' failure to perform warranty repairs on a 2021 Jeep Grand Cherokee Overland and for deceptive practices used to avoid warranty obligations.

## 2. JURISDICTION AND VENUE

Jurisdiction arises under 15 U.S.C. § 2310(d)(1)(B) and 28 U.S.C. § 1331.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because substantial events giving rise to these claims occurred in Richland County, South Carolina.

## 3. PARTIES

a. Plaintiff Nicole Michelle Thomas is a citizen of the United States, residing in Florida and formerly residing in Richland County, South Carolina.

b. Defendant JT's Chrysler Dodge Jeep Ram Fiat of Columbia, L.P. is a South Carolina limited partnership with its principal place of business at 182 Greystone Boulevard, Columbia, SC 29210.

c. Defendant FCA US, LLC d/b/a Stellantis is a Delaware limited liability company with its principal place of business at 1000 Chrysler Drive, Auburn Hills, Michigan 48326. Its registered agent for service of process is CT Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223.

## 4. FACTUAL ALLEGATIONS

Plaintiff owns a 2021 Jeep Grand Cherokee Overland, VIN 1C4RJFC7MC549759.

On January 20, 2023 (39,853 miles), Defendants' authorized dealer created Repair Order #749176 falsely listing a "radiator leak repair" and charging a $200 diagnostic fee, while suppressing emissions codes P0420 and P0430 that appeared on the same-day VIP Diagnostic Report. Plaintiff's signature on that RO appears inconsistent with her usual mark.

Between September 2023 and January 2024, Defendants performed maintenance and partial repairs that avoided their warranty obligations: spark-plug and air-filter services ($1,427.54), manifold replacement, and only two of four catalytic converter replacements.

Emissions codes reappeared in January 2024, proving the defect remained.

On April 21, 2025, the vehicle was towed by Pro Tow of Lexington, SC ($160 receipt) to JT's Dodge Land. Service advisor Chris confirmed the battery was dead and stated that installing a new battery would erase all fault codes and history. Plaintiff declined the $400 battery replacement to preserve evidence and issued a written spoliation notice.

The vehicle has remained inoperable since April 2025.

Plaintiff later learned that her Stellantis warranty profile contained an internal corporate email address ("Melissa@Stellantis.com") in place of her own; representative Matt admitted this and deleted it during a call, confirming record tampering within the manufacturer's system.

At all relevant times, Plaintiff's vehicle was covered under the federal Major Emissions Component Warranty (8 years / 80,000 miles), which includes the catalytic converters, PCM/ECM, and OBD system. Coverage expires November 11, 2028.

Defendants knew of the coverage but misclassified repairs as customer-pay maintenance to avoid liability.

## 5. COUNTS

### COUNT I - VIOLATION OF MAGNUSON-MOSS WARRANTY ACT

Defendants failed to honor express warranties and performed unauthorized charges contrary to 15 U.S.C. § 2304.

### COUNT II - BREACH OF EXPRESS WARRANTY

Defendants refused to repair the vehicle under active warranty coverage, providing partial repairs only and misrepresenting coverage.

### COUNT III - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

The vehicle as delivered and maintained was not fit for ordinary use.

### COUNT IV - UNFAIR AND DECEPTIVE TRADE PRACTICES (S.C. CODE § 39-5-20)

Defendants engaged in deceptive acts by misstating repair needs, altering records, and using an employee email to intercept Plaintiff's warranty correspondence.

### COUNT V - FRAUD AND MISREPRESENTATION

Defendants intentionally created false repair orders and concealed emissions defects.

**COUNT VI - SPOLIATION OF EVIDENCE**

By threatening battery replacement that would erase diagnostic codes and by failing to produce complete records after written notice, Defendants risked destruction of critical evidence.

## 6. DAMAGES

Plaintiff incurred out-of-pocket expenses of $360 (tow and diagnostic), loss-of-use damages of about $9,450, diminished vehicle value of about $24,000, and business loss of about $80,000. Total economic loss exceeds $113,000, exclusive of interest, costs, and attorney's fees.

## 7. PRAYER FOR RELIEF:

Plaintiff requests that the Court enter judgment in her favor and grant the following relief:

a. Compensatory damages for all out-of-pocket, loss-of-use, diminished-value, and business losses proven at trial;

b. Statutory damages and attorney-fee eligibility under 15 U.S.C. § 2310(d);

c. An order compelling Defendants to perform all required warranty repairs on Plaintiff's 2021 Jeep Grand Cherokee Overland, or, if repairs are not feasible, to provide a comparable replacement vehicle or refund consistent with federal warranty law;

d. Pre- and post-judgment interest;

e. Costs and such further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

**VERIFICATION**

I, Nicole Michelle Thomas, verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Nicole Michelle Thomas

Plaintiff, Pro Se

84 Blackfin Dr. (mail received at 10 Blackfin Drive)

Freeport, Fl 32439

850-703-6666 | nickithomas19727@gmail.com

Date: 10/10/25